UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL KENNETH RICH,

    Defendant.
_____/

Cases Nos. 11-cr-20066-8;
11-cr-20129-14

Hon. Sean F. Cox
United States District Court Judge

## ORDER
## DENYING DEFENDANT'S MOTION FOR JENCKS MATERIAL

This matter arises out of a criminal prosecution against Defendant Kenneth Rich on charges in two separate indictments.[1] The Court entered a judgment of conviction against Rich on those charges following a jury trial, and that judgment was upheld on appeal. *United States v. Rich*, 14 F.4th 489 (6th Cir. 2021). Rich later moved for postconviction relief under 28 U.S.C. § 2255, the Court denied that motion, and the Sixth Circuit declined to certify for appeal.

Rich now moves for an order under the Jencks Act directing the Government to produce statements of witnesses who testified at his trial. The Act provides as follows in relevant part:

> After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified.

18 U.S.C. § 3500(b). This language "provides for disclosure of witness statements that can be used to cross-examine government witnesses *at trial*." *United States v. Jonassen*, 759 F.3d 653, 663 (7th Cir. 2014).

---

[1] Those indictments were filed in case numbers 11-cr-20066 and 11-cr-20129 and Rich was tried on both indictments in one trial.

1

Because judgment was already entered in this prosecution, Rich's motion is untimely. *Id.* at 663 ("[A] request for Jencks Act material must be made before or during trial; the Act provides no posttrial procedure or remedy."). Rich may, however, be entitled to Jencks materials under Rule 6 of the Rules Governing § 2255 Proceedings. Per Rule 6, "[a] judge may, for good cause, authorize a party to conduct discovery" pursuant to a pending § 2255 motion. Section 2255 Proc. R. 6(a). But no § 2255 motion is pending before the Court, so Rich has no good cause for discovery under Rule 6. *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) ("Rule 6 embodies the principle that a court must provide discovery in a habeas proceeding only 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" (alteration in original) (quoting *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997))).

Accordingly, **IT IS ORDERED** that Rich's motion (ECF No. 540 in case number 11-cr-2066 and ECF No. 2777 in case number 11-cr-20129) is **DENIED**.

**IT IS SO ORDERED.**

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated: May 16, 2025